IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DORA SCHWARTZ et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 2:11-cv-0489 |
| ) | |
| VICTORY SECURITY AGENCY, L.P., ) | |
| ) | |
| Defendant. ) | |

and

| | |
|---|---|
| DORA SCHWARTZ et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 2:11-cv-01267 |
| ) | |
| VICTORY SECURITY AGENCY, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court is the Plaintiff's Motion for a Protective Order prohibiting the Defendant Victory Security Agency, Inc. ("Victory Inc.") from taking the deposition of the named Plaintiffs Dora Schwartz and Christine Bryant ("Named Plaintiffs") prior to this Court's ruling on conditional collective action certification in this Fair Labor Standards Act ("FLSA") case against Victory Inc. For the following reasons, the Motion is denied.

Plaintiffs assert that, based on the Complaint and an affidavit from Ms. Schwartz, the Court should (1) enter an order of conditional FLSA certification now, (2) order that opt-in

notices be sent out, and (3) direct that discovery on a class basis begin, with the depositions of the Named Plaintiffs to be part of the larger picture. According to Plaintiffs, until this Court grants that certification, based on "minimal evidence," these depositions should not occur.

Plaintiffs' motion misses the mark on several fronts. First, Plaintiffs fail to demonstrate why it will be perfectly permissible to take Named Plaintiffs' deposition testimony immediately after certification and notice, but it is problematic – legally, factually, or practically – to take it now. Developing the facts underlying the claims asserted, particularly as such testimony would relate to the nature of a class definition and the targets of the notice, would seem to greatly increase the odds of a "just, speedy and inexpensive" determination of this action, Fed. R. Civ. P. 1, without any additional attendant cost.[1]

As the Court understands Plaintiffs' argument, they seem to oppose the depositions of any Named Plaintiffs now as there would be a risk of too many facts being generated prior to preliminary certification, since as to those specific depositions, it is not a matter of if, but only of when, they will occur. Now seems at least as good a time as any to develop that record. Such pre-certification limited fact discovery can be helpful, and is not at all inappropriate. *See Vargas, et al. v. General Nutrition Centers, Inc.*, 2012 WL 3544733, No. 2:10-cv-867 (W.D. Pa. Aug. 16, 2012) (McVerry). That said, Victory Inc. must be advised that it will not be permitted

---

[1] Plaintiffs contend that one important reason to enter the protective order is that the deposition of Ms. Schwartz in the Victory L.P. case related to work at Victory Inc., meaning that the deposition of Ms. Schwartz there should be treated as serving as the functional equivalent of the two (2) depositions sought here by Victory Inc. The Court's very close review of the transcript of her deposition in the Victory L.P. case reveals that counsel for Defendant in that case appeared to direct his questions to her knowledge about her work at Victory L.P., and the Court cannot say that that deposition functionally served as a deposition as to her work at Victory Inc. The Court believes that had defense counsel attempted to make that deposition in the Victory L.P. case into a deposition in the Victory Inc. case, counsel for Plaintiffs would have, with some legitimacy, objected. Further, while there was some level of examination in that deposition relative to the policies and operations of Victory Inc., it is plain from the transcript of that testimony, the matters that were the focus of the inquiry related to the three (3) times in which Ms. Schwartz worked on a temporary basis for Victory L.P. Finally, notwithstanding the Court's invitation to the parties to argue that the two Victory entities should be treated as a single integrated operation for purposes of the claims asserted in this lawsuit, the parties seemingly concurred that such a position would not be advanced in this case. See ECF No. 65. Thus, it would appear that the parties are in concurrence that a deposition taken in either of these consolidated cases would not necessarily be applicable in the other.

to get multiple bites at the apple—by choosing to depose the Named Plaintiffs now, absent a subsequent showing of both good cause and necessity, they will have had their opportunity to do so.[2]

An appropriate order will issue.

Mark R. Hornak
United States District Judge

Dated: September 26, 2012

cc:     All Counsel of Record

---

[2] Plaintiffs also allege that Victory Inc. should not be allowed to take these depositions (which Victory Inc. alleges had been already agreed to by Plaintiffs) because Victory Inc. is "past due" on certain disclosures and other discovery responses. If Plaintiffs have a legitimate dispute with, or concern as to, Victory Inc.'s compliance with their discovery obligations (and they well might), that is the basis for setting up a discovery status conference to resolve the matter, or for filing of a motion to compel. If Plaintiffs are owed responses to discovery they need in order to prosecute their claims, the Court will enforce their right to get it, and to get it in a timely manner. That they may prevail as to those matters has nothing to do with the propriety or value of taking the depositions of the Named Plaintiffs in the case against Victory Inc. That said, if Plaintiffs had previously noticed a Rule 30(b)(6) deposition of Victory Inc. that discovery sequencing is a matter that would be considered on its own merits.

3